IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDEZ WHITE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 23-CV-03605-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Fernandez White, an inmate currently incarcerated at Victorville USP, brings the instant action to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 11). White alleges six counts of ineffective assistance of counsel. (*Id.*).

On February 2, 2021, White pleaded guilty to possession of firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Fernandez White,* No. 21-cr-30162[1]. (CR. 27). On June 10, 2021, this Court sentenced White to an above-guideline term of 120 months incarceration to be followed by a term of three years supervised release. (CR. 49).

The case is now before the Court for a preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2255 cases in the United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

---

[1] Documents from the criminal case shall hereinafter be referenced as "CC".

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.".

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is subject to a one-year time limitation that generally runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

On June 15, 2021, White filed a notice of appeal from the final judgment of conviction and sentence. (CR. 51). Subsequently, the Seventh Circuit docketed White's appeal. *See United States v. Fernandez White,* No. 21-2113[2]. (AC. 1). On June 13, 2022, the Seventh Circuit granted counsel's motion to withdraw and dismissed White's appeal.

---

[2]Documents from the appellate case shall hereinafter be referenced as "AC".

(AC. 22). On that same date, final judgment was also filed. (AC. 23). On July 5, 2022, the Seventh Circuit issued the mandate of the Court in the appeal. (AC. 24).

According to the Supreme Court, a judgment of conviction becomes final for the purpose of starting the clock on §2255's one-year limitation period when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. U.S.,* 537 U.S. 522, 524 (2003). White did not file a petition for rehearing of the dismissal. Pursuant to Rules 40 and 41 of the Federal Rules of Appellate Procedure, when no petition for rehearing is filed, a court of appeals' mandate issues 21 days after entry of judgment – in this case July 5, 2022. White also did not petition for a writ for certiorari pursuant to Supreme Court Rule 13.1, which should have been done within 90 days after entry of Seventh Circuit's judgment of June 15, 2022 – in this case by September 13, 2022[3]. Consequently, the deadline for filing a §2255 petition was September 13, 2023.

White's petition was filed in this Court on November 6, 2023; however, the form was dated June 8, 2022, was drafted on a form of the Eastern District of Wisconsin, and had a return address of USP Pollock in Pollock, Louisiana (Doc. 1). This petition was also forwarded from the Seventh Circuit.[4] The next day, this Court also received and filed another §2255 form that was dated August 26, 2023, with a return address of USP

---

[3] Although not specifically stated, the Supreme Court has expanded Rule 13 and held that the time in which a party can seek certiorari is 90 days after entry of the Court of Appeals' judgment and 69 days after issuance of its mandate. *Clay,* 537 U.S. at 525. The mandate was issued on July 5, 2022, so under that scenario, the deadline for petitioning for certiorari would have been September 12, 2022.

[4] Per an email from Jim Richmond, Appeals Processing Manager U.S. Court of Appeals for the Seventh Circuit, USCA7, "We received this §2255 motion from Fernandez White yesterday, 11/6/2023. He really should be filing this directly with your office first so I'm passing this along to you and your court for processing and handling. The USCA7 will be doing nothing further with this document. Thank you."

Victorville in Adelanto, CA. (Doc. 2). Due to the confusion surrounding the two documents, one case was opened and White was Ordered to refile one form petition directed to the Southern District of Illinois. (Doc. 3).

On February 9, 2024, this Court received the pending petition. (Doc. 11). Within the petition, White indicates the judgment of conviction was filed more than a year ago but claims the statute of limitations does not bar his claim. (*Id.*, p. 10). In other words, White raises multiple grounds for equitable tolling of the statute. First, White contends he timely mailed a petition from USP Pollock and did not know it had not been received. (*Id.*). Second, White argues the second one he mailed was on the wrong form. (*Id.*). Third, White asserts numerous lockdowns have caused delays. (*Id.*). Finally, White asserts that he is illiterate. (*Id.*).

Although the filing was untimely, a court may find equitable tolling appropriate and deem an untimely §2255 motion as timely, *in exceptional circumstances. Sloan v. U.S.*, 2021 WL 6102164 (C.D. Ill. Dec. 23, 2021) (*emphasis added*). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance *far beyond the litigant's control* stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339–40 (7th Cir. 2016) (emphasis added).

This Court does not doubt that White has been pursuing his rights. Indeed, he filed two petitions in this Court that were dated prior to the deadline of September 13, 2023, to wit: June 8, 2023, and August 26, 2023. (Docs. 1, 2). Additionally, the Court

notes the following that was entered by the Seventh Circuit:

> "ORDER: On May 15, 2023, the court received three documents in which the appellant appears to seek an extension and other relief related to a motion pursuant to 28 U.S.C. § 2255 that has not yet been filed. Because the mandate issued in this appeal on July 5, 2022, the documents will be returned unfiled. The appellant is reminded that he must file any § 2255 motion and any motions in support in the district court in compliance with the district court's rules and the applicable statutes." (AC. 25).

This Order clearly shows that White was pursuing a §2255 claim as early as May 2023, which was several months before the September 13, 2023 deadline.

As for extraordinary circumstances, White's first and second grounds refer to mailings from various BOP institutions via the United States Postal Service. "Extraordinary circumstances" are present only when an "external obstacle" beyond the party's control "stood in [its] way" and caused the delay. *Menominee Indian Tribe of Wis. v. United States*, —— U.S. ——, 136 S.Ct. 750, 756 (2016). In other words, the circumstances that caused a party's delay must be "both extraordinary *and* beyond its control." *Id.*

White does not have any control over the USPS nor the mail procedures at BOP institutions. Furthermore, there is something called the "prison mail box rule" that provides that a habeas corpus "petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir.1999). Illiteracy can also be a consideration for equitable tolling, although White's allegation was conclusory and did not provide any specific details to support this deficiency. *Davis v. Humphreys,* 747 F.3d 497 (7th Cir. 2014). As for the allegation regarding lockdown, which may not be enough on its own, the euitable tolling

inquiry is not a search for "a single trump card" rather it is an evaluation of "the entire hand" a petitioner was dealt. See *Holland,* 560 U.S. at 650 (a person's case is to be considered using a "flexible" standard that encompasses all of the circumstances that he faced and the cumulative effect of those circumstances).

Given the totality of the circumstances, this Court will allow this matter to proceed on the merits. Accordingly, the Court sets the following briefing schedule:

1. The United States of America ("the Government") shall file a response to the petition (which may include affidavits from Petitioner's prior lawyers, if appropriate) by **March 29, 2024.**

2. Petitioner White may file a reply brief by **April 15, 2024.**

The parties are advised to comply with Local Rules regarding motion practice. Once the Court has reviewed the briefs, the undersigned will decide whether an evidentiary hearing is appropriate. If so, and if Petitioner qualifies under 18 U.S.C. 3006A, the Court will appoint counsel for Petitioner. This schedule may be adjusted by subsequent order, depending on the parties' briefs.

**IT IS SO ORDERED.**

**DATED:   February 23, 2024**

> **s/ *Stephen P. McGlynn***
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**