# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FERNANDEZ WHITE,** | |
| Petitioner, | |
| v. | Case No. 23-CV-03605-SPM |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Fernandez White, an inmate incarcerated at U.S.P. Atwater in Atwater, California. (*See* Doc. 30). White raises six claims of ineffective assistance of counsel. (*See* Doc. 11). For the following reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On November 18, 2020, White was charged in a one-count indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Fernandez White*, No. 20-cr-30162 (S.D. Ill. 2020) (Doc. 1). On February 2, 2021, White pled guilty absent a plea agreement. *See id.* (Doc. 27). On June 10, 2021, this Court sentenced White to an above-guideline term of 120 months incarceration to be followed by a term of three years supervised release. *See id.* (Doc. 48).

On June 15, 2021, White filed a notice of appeal from the final judgment of conviction and sentence. *See id.* (Doc. 51). Subsequently, the Seventh Circuit docketed

White's appeal. *See United States v. Fernandez White*, No. 21-21132 (7th Cir. 2021) (Doc. 1). On June 13, 2022, the Seventh Circuit granted counsel's motion to withdraw and dismissed White's appeal. *See id.* (Doc. 22). On that same date, final judgment was also filed. *See id.* (Doc. 23). On July 5, 2022, the Seventh Circuit issued the mandate of the Court in the appeal. *See id.* (Doc. 24).

White's petition was filed in this Court on November 6, 2023; however, the form was dated June 8, 2022, was drafted on a form of the Eastern District of Wisconsin, and had a return address of USP Pollock in Pollock, Louisiana. (*See* Doc. 1). This petition was also forwarded from the Seventh Circuit. (*See* Doc. 13). The next day, this Court also received and filed another §2255 form that was dated August 26, 2023, with a return address of USP Victorville in Adelanto, CA. (Doc. 2). Due to the confusion surrounding the two documents, one case was opened, and White was ordered to refile one form petition directed to the Southern District of Illinois. (Doc. 3). On February 9, 2024, this Court received the pending petition. (Doc. 11). Within the petition, White indicates the judgment of conviction was filed more than a year ago but claims the statute of limitations does not bar his claim. (*Id.*, p. 10). This Court determined that White's petition qualified for equitable tolling and allowed the case to proceed. (Doc. 11).

White alleges six counts of ineffective assistance of counsel against Federal Public Defender David Brengle. (*Id.*). These claims are as follows:

1) This "Court used acquitted conduct to sentence [him] above [the] guidelines and counsel refused to object." (*Id.*, p. 4.) White goes on to state that "false and misinformation" had been used to sentence him above the guidelines range. (*Id.*)

2) Counsel refused to object to this Court's statement that White appeared "willing to use firearms to get what [he] wants but not entitled to." (*Id.*, p. 5.)

3) Counsel should have objected when this Court stated that White "used the same firearm that was stolen from [White's] girlfriend's car [to commit] Aggravated Sexual Assault" because that statement was false. (*Id.*, p. 6).

4) Counsel refused to object to his "enhancement" for being on probation, failed to object to the use of "acquitted conduct," and refused to get him a psychological examination to "see if [White] was competent." (*Id.*, p. 8).

5) Counsel "refused to object" to the criminal history points assessed for committing an offense while on probation. (*Id.*, p. 11.)

6) Counsel promised him that he would not be sentenced to the statutory maximum if he pled open and that his attorney "played on the fact that [he] is illiterate." (*Id.*).

The United States responded on September 30, 2024. (*See* Doc. 27).

## APPLICABLE LEGAL STANDARDS

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot

be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

White raises a claim of ineffective assistance of counsel, which may be brought for the first time under a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Under the law of this Circuit, because counsel is presumed effective, White "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong test first enumerated in *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). *See McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir.

2007) (citing *Strickland*, 466 U.S. at 690, 694). "The Sixth Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994).

Under *Strickland*, the defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). To satisfy the performance prong, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. To prove prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990).

## I.   Sentencing Hearing

Asserting the failure to object or make certain arguments must be supported by the specific objections or arguments the petitioner thinks counsel should have made and why they would have had a reasonable probability of changing the result of the proceeding. *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). White cannot make this showing as to any of his claims.

In Count 2, White argues that counsel should have objected to the Court's statement that White appeared "willing to use firearms to get what [he] wants but not entitled to." (Doc. 11, p. 5). In Count 3, he argues that counsel should have objected to the statement that White "used the same firearm that was stolen from [White's] girlfriend's car [to commit] Aggravated Sexual Assault." (*Id.*, p. 6). "In the sentencing context, the district court is not bound by the rules of evidence, and, so long as it is reliable, may consider a wide range of evidence, including hearsay, that might otherwise be inadmissible at trial." *United States v. Ghiassi*, 729 F.3d 690, 695 (7th Cir. 2013) (citing FED. R. EVID. 1101(d)); *United States v. Grigsby*, 692 F.3d 778, 788 (7th Cir. 2013); *United States v. Nunez*, 627 F.3d 271, 281 (7th Cir. 2010). Regarding Count 2, the Court of Appeals noted in its dismissal of White's appeal that "…apart from this incident involving his cousin, the PSR described numerous other episodes that support the judge's overall conclusion that White had a long history of violence against women." (Doc. 27-2, p. 4). Regarding Count 3, the Court of Appeals stated that "there is no reasonable probability that the error affected White's sentence… the context of the remark shows that the judge's concern was not the source of the firearm but White's use of the firearm to perpetrate a sexual assault." (*Id.*). As confirmed by the Court of Appeals, the PSR and testimony at the hearing provided the Court with information pertinent to White's behavior that was relevant in determining his sentence. Accordingly, the Court finds that White's assertions lack merit.

Furthermore, in Counts 1 and 4, White claims that his counsel should have objected to this Court's consideration of "acquitted" or "uncharged" conduct. (Doc. 11, pp. 4, 8). However, White's assertions that he was acquitted of the relevant conduct are not supported by the record. He has failed to point the Court to any evidence suggesting as much; with no evidence suggesting he was acquitted, he cannot demonstrate that objections would have had a reasonable probability of changing the result.

Finally, in Count 5, White argues that counsel failed to object to the "status points" that he received pursuant to then-applicable U.S.S.G. § 4A1.1(d). (*Id.*, p. 11). The guidelines applicable at the time of White's sentencing provided that two criminal history points should be added if the instant offense had been committed while a defendant had been serving a criminal justice sentence, such as probation. The amended guideline now provides that if a defendant has seven or more criminal history points and committed the instant offense while serving a criminal justice sentence, one point should be added to the criminal history score. *See* U.S.S.G. § 4A1.1(e). These amendments took effect in November of 2023 – more than two years after White had been sentenced. Accordingly, counsel was not ineffective in failing to object to the application of status points, as the relevant guideline amendments would not occur for another two years. Courts in other circuits have thus reasoned that a motion seeking the benefit of a retroactive Guideline amendment must be brought under 18 U.S.C. § 3582(c)(2) and "cannot be bootstrapped to a § 2255 motion." *Livsey v. United States*, 2024 WL 449385, at *4 (W.D. Pa. Feb. 6, 2024). White has moved for

a sentence reduction under § 3582, yet his criminal history category remained unchanged. *See United States v. Fernandez White*, No. 21-cr-30162 (S.D. Ill. 2020) (Doc. 76).

As White has failed to show that the objections at sentencing would have had a reasonable probability of changing the result of the proceeding, his ineffective assistance of claim must fail.

## II.   Guilty Plea

White argues that his attorney was ineffective when he promised him that he would not be sentenced to the statutory maximum if he pled open and that he "played on the fact that [he] is illiterate." (Doc. 11, p. 11). "[M]ere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States. v. Rodriquez-Luna*, 937 F.2d 1208, 1214 (7th Cir. 1991); *Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002) (a defendant cannot establish ineffective assistance of counsel based upon "naked assertions"). Because White provides no evidence or specific details substantiating this allegation, it cannot support a finding of ineffective assistance of counsel. Moreover, White's assertion is contradicted by his statements made under oath at his change of plea hearing. This Court specifically asked White whether anyone had made any promises to him as to what sentence would be imposed, to which White responded "no." (Doc. 27-1, p. 22). The Court is entitled to credit White's sworn statements over the contradictory arguments that he is now making in his § 2255 petition. *See Koons v. United States*, 639 F.3d 348, 352 (7th Cir. 2011).

Second, White claims that counsel refused to obtain a psychological examination to see if he was competent. (Doc. 11, p. 8). White fails to explain how this failure prejudiced him. In other words, he has "offered nothing whatsoever that would indicate a mental health exam would have been appropriate, much less necessary, for counsel to be deemed effective." *United States v. Gudino*, 2014 WL 7183727, at *8 (N.D. Ind. Dec. 16, 2014). To conclude that the failure to obtain one is prejudicial error would be "speculative at best." *Id*. Once again, moreover, White's assertion is contradicted by the record. Attorney Brengle's affidavit states that he had numerous conversations with White where he discussed the pending charge, possible penalties, and the Federal Sentencing Guidelines. (Doc. 27-3, ¶ 7). Attorney Brengle states that White "participated in those discussions, asked questions, and did not exhibit any severe mental disease or defect such that he was unable to assist in his defense." *Id*. Attorney Brengle added that he did not have "any indication that White was unable to understand the nature of the proceeding against him or that he was unable to assist… in a defense," which would be a necessary precursor for obtaining a psychological evaluation to determine competency. (*Id.*, ¶ 8).

Accordingly, White's claim of ineffective assistance counsel as it pertains to his guilty plea fails, as he has not demonstrated Attorney Brengle's "performance fell below an objective standard of reasonableness and that this deficiency prejudiced [him]." *Strickland*, 466 U.S. at 688–92.

### III. Sentence

Finally, White argues in Count 1 that this Court abused its discretion in sentencing him to an above guidelines sentence of 10 years' imprisonment by relying on inaccurate information (*See* Doc. 11, p. 4). This claim has been procedurally defaulted. A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). A claim cannot be raised in a § 2255 motion if it could have been raised on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The Seventh Circuit has made it clear that issues that were raised on direct appeal cannot be raised in a Section 2255 motion absent a showing of changed circumstances. *Belford*, 975 F.2d at 313. White told his appellate counsel that he wanted "to argue that the district court should not have considered his pending state cases" and that "the district court considered inaccurate information when imposing sentence." *United States v. Fernandez White*, No. 21-21132 (7th Cir. 2021) (Doc. 18, pp. 25–26). The "inaccurate information" White wanted to raise included 1) an incident involving his 13-year-old cousin, and 2) whether a firearm he used to commit a sexual assault had been the same firearm stolen from his girlfriend. (*Id.*, p. 27). White raises these same claims in his § 2255 motion. (*See* Doc. 11, pp. 4–6). White's appellate counsel explained in detail why those challenges would be meritless or would otherwise have no effect on the outcome at sentencing. *United States v. Fernandez White*, No. 21-21132 (7th Cir. 2021) (Doc. 18, pp. 24–31). In its dismissal order, the appellate court engaged in a thorough analysis of White's specific claims, explaining why it agreed with his appellate counsel that

they were meritless. (Doc. 27-2, pp. 2–5). Because he has procedurally defaulted, White's claim pertaining to the Court's sentence fails.

### EVIDENTIARY HEARING

Additionally, this Court finds that an evidentiary hearing is not essential. *See Almonacid,* 476 F.3d at 521 (7th Cir. 2007); *see also* Rules Governing Section 2255 Proceedings in United States District Courts, Rule 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). White failed to provide the Court with a detailed and specific affidavit that demonstrated the actual proof of the allegations in his § 2255 Petition. *See Galbraith,* 313 F.3d at 1009 (7th Cir. 2002) ("It is the rule of the court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations."). Thus, an evidentiary hearing is not warranted.

### CONCLUSION

For the reasons set forth above, Fernandez White's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 11) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

As for Petitioner White's claim of ineffective assistance of counsel, White has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: March 17, 2025**

                                         **/s/ Stephen P. McGlynn**
                                         **STEPHEN P. McGLYNN**
                                         **U.S. District Judge**