## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDEZ WHITE,

      Plaintiff,

v.

                           Case No. 3:23-CV-003605-SPM

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is *pro se* Petitioner Fernandez White's Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 47). For the reasons set out below, Petitioner's Motion is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, White pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Fernandez White*, No. 20-cr-30162 (S.D. Ill. 2020), (Doc. 27). White was sentenced to a total term of 120 months' imprisonment followed by three years of supervised release. *See id.*, (Doc. 48).

On February 9, 2024, White filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 alleging six counts of ineffective assistance of counsel. (Doc. 11). White's Motion was denied as the Court found his claims lacked merit, and that White had failed to provide the evidence required to support his claims. (Doc. 43).

White alleged in Counts 1 and 4 that his attorney failed to object to the Court's consideration of "acquitted" or "uncharged" conduct. (Doc. 11, pp. 4, 8). The Court found that White had failed to provide any evidence that he was acquitted, and therefore, could not show a reasonable probability of changing the result of his sentencing. (Doc. 43, p. 7). In Counts 2 and 3, White alleged that his attorney should have objected to statements regarding White's willingness to use firearms. (Doc. 11, pp. 5–6). The Court found the testimony about White provided pertinent information relevant to sentencing, and therefore the allegations in Counts 2 and 3 lacked merit. (Doc. 43, p. 6). In Count 5, White alleged that Probation used the wrong guidelines in calculating his sentencing range, and that his attorney failed to properly object to it. (Doc. 11, p. 11). The Court found that White's allegations in Count 5 were baseless since the referenced amended sentencing guidelines took effect more than two years after his sentencing. (Doc. 43, p. 7). Finally, the Court found that White's claim of ineffective assistance of counsel in Count 6 failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness, and as such, the Court dismissed Count 6. (*Id.*, p. 9).

After the Court denied White's § 2255 Motion, White filed this pending Motion requesting the Court to vacate its Order on his claim. (Doc. 47).

### RELEVANT LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure Relief 60(b)(6) allows a party to seek relief from a final judgment, order, or proceeding for "any reason that justifies relief." However, relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional

circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.* 32 F.3d 1114, 1116 (7th Cir. 1994)). A motion under Rule 60(b)(6) "is addressed to the district court's discretion", and the movant must establish that there are extraordinary circumstances that justify upsetting a final decision. *Choice Hotels Intern., Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Although White cites multiple cases involving a habeas petition and/or claim for ineffective assistance of counsel, they are all distinguishable. (Doc 47, p. 3); *see e.g. Williams v. Taylor*, 529 U.S. 362 (2000) (ruling in petitioner's favor on his initial petition for habeas corpus for ineffective assistance of counsel for failing to properly investigate and present mitigating evidence at sentencing); *Andrew v. White*, 604 U.S. 86 (2025) (reviewing whether habeas relief could be granted to a state prisoner if the state court's adjudication of the prisoner's claim was an unreasonable application of clearly established precedent); *Morrissey v. Brewer*, 408 U.S. 471 (1972) (requiring minimal due process requirements for parole revocation). None of these cases were based on a Rule 60(b)(6) motion, and this Court does not find that they offer any extraordinary circumstances directly applicable to this case.[1]

Even though White cites numerous cases, he fails to provide any legal or factual argument as to why the Court should grant his Motion. White seeks an

---

[1] Many of the other cases White cites have no relevance to his Rule 60(b)(6) Motion or his underlying habeas merits petition. (Doc 47, pp. 3–5); *see e.g. Perkins v. Lukens Steel Co.*, 310 U.S. 113 (1940) (defining a term in the Public Contracts Act); *Miller v. Johnson*, 515 U.S. 900 (1995) (discussing the legality of a congressional redistricting plan); *Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886 (1961) (reviewing a civilian employee's unexplained denial of access to a military installation).

extraordinary remedy with his Rule 60(b)(6) Motion but has failed to provide the necessary facts or evidence for relief to be granted.

CONCLUSION

For the reasons set forth above, *pro se* Petitioner Fernandez White's Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b)(6) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 9, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**